IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ZACHARY FORT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, *and* NEW MEXICO SHOOTING SPORTS ASSOCIATION, INC.<br>    *Plaintiffs*,<br><br>v.<br><br>MICHELLE LUJAN GRISHAM, individually and in her official capacity as the Governor of New Mexico, PATRICK M. ALLEN, individually and in his official capacity as the Cabinet Secretary for the New Mexico Department of Health; JASON R. BOWIE, individually and in his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety, and W. TROY WEISLER, individually and in his official capacity as the Chief of the New Mexico State Police,<br>    *Defendants*. | : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No.<br><br><br><br><br>**COMPLAINT** |

Plaintiffs ZACHARY FORT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, and NEW MEXICO SHOOTING SPORTS ASSOCIATION, by and through counsel of record, Aragon Moss George Jenkins, LLP (Jordon P. George), bring this Complaint against Defendants, officials of the State of New Mexico, for infringing the right of law-abiding, peaceful citizens to carry firearms for defense of self and family and for other lawful purposes, and allege as follows:

### INTRODUCTION

1.  The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. CONST. amend. II. It "protect[s] an individual's right to carry a handgun for self-defense outside the home," *New York State Rifle & Pistol Ass'n, Inc. v.*

-1-

*Bruen*, 142 S. Ct. 2111, 2122 (2022), so that they can be "armed and ready for offensive or defensive action in case of conflict with another person," *id.* at 2134 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 584 (2008)).

2. This right has been recognized throughout American history. "American governments simply have not broadly prohibited the public carry of commonly used firearms for self-defense." *Id.* at 2156.

3. Despite clear Supreme Court precedent establishing the Second Amendment's protection of the right to carry, on September 7, 2023, New Mexico Governor Michelle Lujan Grisham issued Executive Order 2023-130 (attached as Exhibit A) declaring a state of emergency exists in New Mexico related to "gun violence". Based upon the declaration of an emergency, Secretary of the New Mexico Department of Health, Patrick Allen, issued a "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring, and Other Public Safety Measures" (attached as Exhibit B) (collectively, the "Orders") on September 8, 2023.

4. The Orders make it illegal, until at least October 6, 2023, for "ordinary, law-abiding citizens," *Bruen*, 142 S. Ct. at 2122, of New Mexico to carry firearms in public for self-defense in Albuquerque or Bernalillo County.

5. This restriction is in flagrant violation of Plaintiffs' right to carry firearms in public for self-defense, a right that has been clearly established by the United States Supreme Court. Indeed, the Orders perversely target the right to carry in the places where self-defense is most necessary.

**JURISDICTION & VENUE**

6. This Court has subject-matter jurisdiction over all claims for relief pursuant to

28 U.S.C. §§ 1331, 1343.

7. Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

8. Venue lies in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

**Plaintiffs**

9. Plaintiff Zachary Fort is a natural person, a citizen of the United States and New Mexico, who resides in Bernalillo County, New Mexico. He is a law-abiding citizen who currently possesses a valid concealed handgun license. Fort regularly carries a lawfully owned firearm for self-defense in public in Albuquerque and Bernalillo County. Because of the unconstitutional restrictions related to the declared emergency, and his fear of enforcement, Fort can no longer carry a firearm in public. If it were not for the challenged restrictions, Fort would resume carrying firearms in public for self-defense in Albuquerque and Bernalillo County. Fort is a member of each of the Organizational Plaintiffs (listed below).

10. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a nonprofit organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC has members nationwide, including in the state of New Mexico, including

Plaintiff Fort. FPC brings this action on behalf of its members, including Plaintiff Fort, whose rights have been infringed by New Mexico's illegal policies.

11.     Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational foundation incorporated in 1974 under the laws of Washington with its principal place of business in Bellevue, Washington. SAF is a 501(c)(3) organization under Title 26 of the United States Code. SAF's mission is to preserve the individual constitutional right to keep and bear arms through public education, judicial, historical, and economic research, publishing, and legal-action programs focused on the civil right guaranteed by the Second Amendment to the United States Constitution. SAF has more than 720,000 members nationwide, including in the State of New Mexico, including Plaintiff Fort. SAF brings this action on behalf of its members, including Plaintiff Fort, who are adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein.

12.     Plaintiff New Mexico Shooting Sports Association, Inc. ("NMSSA"), is a 501(c)(4) nonprofit corporation, incorporated in New Mexico and with its principal place of business in New Mexico. NMSSA's mission is to promote social welfare and public safety, law and order, and the national defense; to educate and train citizens of good repute in the safe and efficient handling of small arms and to encourage their lawful ownership and use of small arms. NMSSA has over 1,000 members in the State of New Mexico, including Plaintiff Fort who is also on its board of directors. NMSSA brings this action on behalf of its members, including Plaintiff Fort, who are adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

**Defendants**

13. Defendant Michelle Lujan Grisham is sued in her individual capacity and her official capacity as the Governor of New Mexico. Article V, Section 4 of the New Mexico Constitution vests the Governor with the state's "supreme executive power" and tasks her with taking care that the laws be faithfully executed. The Governor is also directly responsible for the declaration of emergency that has deprived Plaintiffs of their Second Amendment right to carry a firearm in public.

14. Defendant Patrick M. Allen is sued in his individual capacity and his official capacity as the Cabinet Secretary of the New Mexico Department of Health. Allen oversees the New Mexico public health system and its emergency response services and has the authority to issue emergency orders. He is directly responsible for the PHE order that has deprived Plaintiffs of their Second Amendment right to carry a firearm in public.

15. Defendant Jason R. Bowie is sued in his individual capacity and his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety. Defendant Bowie oversees statewide law enforcement activities, including those of the New Mexico State Police.

16. Defendant W. Troy Weisler is sued in his individual capacity and his official capacity as the Chief of the New Mexico State Police, a division of the Department of Public Safety. As State Police Chief, Defendant Weisler exercises, delegates, or supervises all the powers and duties of the New Mexico State Police, the body responsible for executing and enforcing New Mexico's laws and regulations governing the carrying of firearms in public, and the entity explicitly tasked by the Governor and Defendant Allen with enforcing the unlawful actions

challenged here.

## FACTUAL ALLEGATIONS

17. On September 7, 2023, Governor Grisham issued Executive Order 2023-130. The Executive Order declares that "gun violence" "constitutes a statewide public health emergency of unknown duration" and "a manmade disaster threatening widespread physical or economic harm that is beyond local control." Ex A at 2.

18. The Executive Order directs the Department of Public Health, Department of Homeland Security and Emergency Management, and the Department of Public Safety to "provide an effective and coordinated response" to the purported emergency. *Id.*

19. Unless extended, the declared emergency expires on October 6, 2023. *Id.*

20. On September 8, 2023, pursuant to the Executive Order, Defendant Allen issued a Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures.  Ex. B at 1.

21. Under the Orders, "[n]o person, other than a law enforcement officer or licensed security officer shall possess [in public] a firearm . . . either openly or concealed, within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 . . . AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023." *Id.* at 1–2.

22. According to Defendant Grisham, that means that the Orders apply to the city of Albuquerque and to Bernalillo County. *See* Austin Fisher, *No clear penalty for violating N.M. public health order on guns*, Source NM (Sept. 8, 2023, 7:10pm), *available* ttps://bit.ly/3PBBLZb.

23. The Orders also make it illegal to possess a firearm on all state property, including

public parks. Ex. B at 2.

24. The Orders further direct the Departments of Health, Public Safety, and Homeland Security and Emergency Management, "and all other State departments and agencies . . . to take all appropriate steps to ensure compliance with this Order" and subjects violators of the Orders to "civil administrative penalties available at law." Ex. B. at 3.

25. Governor Grisham stated that violating the Order would be treated as a misdemeanor, though that claim conflicts with the Orders' plain language. Fisher, *No clear penalty*, supra.

26. Albuquerque and Bernalillo County officials have refused to enforce the Order, citing its unconstitutionality. *See, e.g.*, Alison Giron & Gabriel Chavez, *Gov. Lujan Grisham issues order to suspend open, concealed carry of guns in Bernalillo County*, KRQE NEWS (Sept. 11, 2023, 7:45 AM MDT), *available at* https://bit.ly/48ecUBJ.

27. However, the State Police is required to carry out the Executive Order and has not, to Plaintiffs knowledge, disclaimed that duty. Fisher, *No clear penalty*, supra.

28. Because he fears the undefined civil and administrative penalties for violating the Order, Plaintiff Fort, has ceased carrying a firearm in public for self-defense.

29. If the Orders were retracted, Plaintiff Fort would immediately resume carrying a firearm in public for lawful purposes.

## COUNT ONE

**42 U.S.C. § 1983 - Deprivation of Plaintiffs' Rights under the Second and Fourteenth Amendments of the United States Constitution.**

30. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

31. The Second Amendment to the United States Constitution provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

32. The Second Amendment is fully applicable to the States through the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *id.* at 805 (Thomas, J., concurring).

33. The Supreme Court has recognized that, under the Second Amendment, "ordinary law-abiding citizens have a . . . right to carry handguns in public for self-defense." *Bruen*, 142 S. Ct. at 2122.

34. The Supreme Court has thoroughly examined the history of restrictions on the right to carry firearms in public and concluded that "[a]part from a few late-19th-century outlier jurisdictions, American government simply have not broadly prohibited the public carry of commonly used firearms for personal defense." *Id.* at 2156.

35. As such the Orders and Defendants' enforcement of them violates Plaintiffs clearly established constitutional rights because they prohibit Plaintiffs from carrying firearms in public for self-defense as they are entitled to do under the Second Amendment.

36. As a direct and proximate result of the above infringement and impermissible burden on Plaintiffs' Second and Fourteenth Amendment rights, Plaintiffs have suffered—and continue to suffer—from an unlawful and irreparable deprivation of their fundamental right to keep and bear arms.

**PRAYER FOR RELIEF**

37. WHEREFORE, Plaintiffs respectfully pray for the following relief:

  a. Declare that the Orders and all related laws, regulations, policies, and procedures, violate the right to keep and bear arms, as guaranteed under the Second and Fourteenth Amendments to the United States Constitution;

  b. Temporarily restrain each Defendant, each Defendant's respective employees, officers, agents, and representatives, and all those acting in concert or participation with him or her, from enforcing the Orders and all related regulations, policies, and/or customs designed to enforce or implement the same;

  c. Preliminarily and permanently enjoin each Defendant, each Defendant's respective employees, officers, agents, and representatives, and all those acting in concert or participation with him or her, from enforcing Orders and all related regulations, policies, and/or customs designed to enforce or implement the same;

  d. Award Plaintiffs nominal damages for the deprivation of their right to bear arms in public for self-defense;

  e. Award Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other applicable law; and,

  f. Grant any and all other and further legal and equitable relief against Defendants as necessary to effectuate the Court's judgment, or as the Court otherwise deems just and proper.

Dated: September 11, 2023

-10-

Respectfully Submitted,

**ARAGON MOSS
GEORGE JENKINS, LLP**


By:  */s/ Jordon P. George*
      Jordon P. George
      2201 Menaul Blvd NE
      Albuquerque, NM 87107
      (505) 872-3022
      (505) 214-5317 (facsimile)
      jordon@amgjlaw.com

*Attorneys for Plaintiffs*