# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ZACHARY FORT, FIREARMS POLICY COALITION, INC., SECOND AMENDMENT FOUNDATION, *and* NEW MEXICO SHOOTING SPORTS ASSOCIATION, INC.<br>  *Plaintiffs*,<br><br>v.<br><br>MICHELLE LUJAN GRISHAM, individually and in her official capacity as the Governor of New Mexico, PATRICK M. ALLEN, individually and in his official capacity as the Cabinet Secretary for the New Mexico Department of Health; JASON R. BOWIE, individually and in his official capacity as the Cabinet Secretary of the New Mexico Department of Public Safety, and W. TROY WEISLER, individually and in his official capacity as the Chief of the New Mexico State Police,<br>  *Defendants*. | Civil Action No. 1:23-cv-00778<br><br><br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## MOTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Zachary Fort, Firearms Policy Coalition, Inc., Second Amendment Foundation, and New Mexico Shooting Sports Association, Inc., respectfully request that this court enter a temporary restraining order and a preliminary injunction restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the temporary restraining order from enforcing the provisions of the challenged Orders described below. This motion is supported by the memorandum of law below.

## BACKGROUND

This case revolves around two emergency orders (collectively, the "Orders") which have the effect of making it unlawful for Plaintiffs, or for any ordinary, law-abiding citizens, to carry

1

firearms in public for self-defense in Bernalillo County and Albuquerque. The first, Executive Order 2023-130, attached as Exhibit A to the Complaint, was announced on September 7, 2023. In it, New Mexico Governor Michelle Lujan Grisham declared "a statewide public health emergency of unknown duration," and "man-made disaster causing or threatening widespread physical or economic harm that is beyond local control" as a result of "gun violence" and "gun deaths." Compl. Ex. A at 2. To combat this emergency, the Executive Order provided funding to the Department of Health, Department of Homeland Security and Emergency Management, and Department of Public Safety and directed those departments to collaborate to provide a "coordinated response to this public health emergency." *Id.* at 1. Unless extended, the declared emergency will remain in effect until October 6, 2023. *Id.* at 3.

The next day, the Department of Public Health issued an emergency order which bars ordinary, law-abiding citizens from carrying firearms in public for self-defense in any "cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021" and "more than 90 firearm-related emergency department visits per 100,000 residents." Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures, attached as Exhibit B to the Complaint at 1. The PHE Order lasts as long as the declared emergency, *id.* at 3, and in so many words, covers exclusively Bernalillo County and Albuquerque, *see* Austin Fisher, *No clear penalty for violating N.M. public health order on guns*, SOURCENM (Sept. 8, 2023, 7:10pm), *available at* https://bit.ly/3PBBLZb. The Orders also make it illegal to possess a firearm on all state property, including public parks. Compl. Ex. B at 2. The Defendants in this case are charged with enforcing the Orders and violations may be punished with undefined "civil administrative penalties available at law." *Id.* at 3.

Plaintiffs are one individual and three organizations that count him as a member. Compl.

¶¶ 11–14; *see also,* Declarations of Zachary Fort, Brandon Combs, and Alan Gottlieb, filed herewith. Plaintiff Zachary Fort is a law-abiding resident of Albuquerque who ordinarily carries a firearm in public for self-defense, both in Albuquerque itself and in the rest of Bernalillo County. *Id.* ¶ 11. However, for fear of enforcement of the Orders by the Defendants, he now must refrain from doing so. *Id.* If it were not for the Orders, he would continue to carry firearms in public for self-defense. *Id.* Firearms Policy Coalition, Inc., Second Amendment Foundation, and New Mexico Shooting Sports Association, Inc., are all non-profit organizations dedicated to promoting the right to keep and bear arms and all count Plaintiff Fort, and thousands of other New Mexicans, as their members. *Id.* at 12–14. Members of each of the organizations are injured by the enforcement of the Orders by the Defendants and the organizations bring this lawsuit on their members behalf. *Id.*

## ARGUMENT

"The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order. The primary differences between a TRO and a preliminary injunction are that a TRO may issue without notice to the opposing party and that TROs are limited in duration." *Eastman v. United States*, 615 F. Supp. 3d 1250, 1254 (D.N.M. 2022) (cleaned up). In both cases, Plaintiffs must establish "(1) a likelihood of success on the merits; (2) a likelihood that [they] will suffer irreparable harm if the injunction is not granted; (3) the balance of the equities is in [their] favor; and (4) the preliminary injunction is in the public interest." *Id.* Here all four requirements are satisfied.

### I. The Orders Are Blatantly Unconstitutional.

The Second Amendment provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." Ordinarily, in assessing a challenge to a state statute, policy or regulation under the Second

3

Amendment, courts begin by assessing the plain text of the Second Amendment. If "the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). At that point, the burden is on the government to justify its regulation by demonstrating it "is consistent with this Nation's historical tradition of firearm regulation." *Id.* But in this case, none of that work is necessary. That is because, in the very same case that laid out that test, the Supreme Court squarely held that "law-abiding citizens have a . . . right to carry handguns in publicly for self-defense." *Id.* at 2122. And lest there be any doubt, the Supreme Court undertook an exhaustive review of the history of regulations limiting the right to carry firearms in public and concluded, "[a]t the end of [its] long journey through the Anglo-American history of public carry . . . [a]part from a few late-19th-century outlier jurisdictions, American governments simply have not broadly prohibited the public carry of commonly used firearms for personal defense." *Id* at 2156. In so holding, *Bruen* also held that there is "no historical basis" to declare an entire city or county as a "sensitive place" in which the right to carry a firearm may be restricted. *Id.* at 2134.

Yet, that is precisely what the Orders do for residents of and visitors to Bernalillo County and Albuquerque. In announcing the emergency declaration, Governor Grisham did not appeal to any historical restrictions on the right that might justify the Orders but rather claimed for herself "additional powers" to implement temporary restrictions "if there's an emergency" (in her own judgment), noting that "[n]o constitutional right, in my view, including my oath, is intended to be absolute." KOB4, *New Mexico Gov. Lujan Grisham holds news conference on gun violence* at 32:03, YOUTUBE (Sept. 8, 2023), https://bit.ly/44QoAYB. But there is no historical support for such a power, *Bruen* squarely forecloses it, and Plaintiffs are likely to succeed on their claim that the Orders are unconstitutional.

4

**II. The Other Factors Also Favor Plaintiffs.**

Plaintiffs face irreparable harm from the Orders eliminating their right to carry firearms in public. "What makes an injury 'irreparable' is the inadequacy of, and the difficulty of calculating, a monetary remedy after full trial. Any deprivation of any constitutional right fits that bill." *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 806 (10th Cir. 2019). That is especially true here, where the right in question is to "be[] armed and ready for offensive or defensive action in a case of conflict with another person," *District of Columbia v. Heller*, 554 U.S. 570, 584 (2008) (quotation omitted), and the Orders, by definition, target the places in New Mexico with the most "gun violence," where the right to defend oneself is most important, even as the Governor candidly acknowledged that criminals, against whom defense is needed, would not follow the Orders. *See* Allison Giron & Gabriel Chavez, *Gov. Lujan Grisham issues order to suspend open, concealed carry of guns in Bernalillo County,* KRQE NEWS (Sept. 11, 2023, 7:45 AM MDT), *available at* https://bit.ly/48ecUBJ.

Likewise, the balance of harms favor Plaintiffs since, "[w]hen a constitutional right hangs in the balance . . . 'even a temporary loss' usually trumps any harm to the defendant." *Free the Nipple*, 916 F.3d at 806. Again, that is especially true here where the Defendants have targeted law-abiding citizen's rights to try and halt the actions of criminals who will not be dissuaded by the possible imposition of "administrative and civil penalties" if they are not deterred by the threat of criminal enforcement. And last of all, "it's always in the public interest to prevent the violation of a party's constitutional rights," so the final factor favors Plaintiffs as well. *Id.* at 807 (quotations omitted).

**CONCLUSION**

For these reasons, the Court should enter a temporary restraining order and preliminary injunction in Plaintiffs' favor against enforcement of the unconstitutional Orders.

Respectfully Submitted,

**ARAGON MOSS
GEORGE JENKINS, LLP**


By:     */s/ Jordon P. George*
Jordon P. George
2201 Menaul Blvd NE
Albuquerque, NM 87107
(505) 872-3022
(505) 214-5317 (facsimile)
jordon@amgjlaw.com

*Attorneys for Plaintiffs*