UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**Clerk's Minutes**
**Before the Honorable David Herrera Urias**

**CASE NO.**   CV-23-00778       **DATE:** 9/13/23

**TITLE:**

1. 1:23-cv-00771-DHU-LF, *National Association for Gun Right et al. v. Grisham et al.*

2. 1:23-cv-00772-DHU-LF, *Donk et al v. Grisham et al*.

3. 1:23-cv-00773, *We The Patriots USA, INC. et al v. Grisham et al.*

4. 1:1:23-cv-00774-DHU-LF, *Blas v. Grisham et al.*

5. 1:23-cv-00778-DHU-LF, *Fort et al. v. Lujan Grisham et al.*

**COURTROOM CLERK:** J. Faulkner       **COURT REPORTER:** C. McAlister

**COURT IN SESSION:** 1:06 P.M. – 2:54 P.M.   **TOTAL TIME:** 1 HOUR AND 48 MINUTES

**TYPE OF PROCEEDING:**

TEMPORARY RESTRAINING ORDERS MOTION HEARING

**THE COURT'S RULING:**

The Court **GRANTS** Plaintiffs' Motions for Temporary Restraining Orders at 2:55 P.M.

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**       **ATTORNEYS PRESENT FOR DEFENDANT(S):**

Cameron Lee Atkinson                Holly Agajanian
Robert Julian Aragon
Jason Bowles
Mark J Caruso
Anthony Roman Napolitano

1:06. The Court calls the case. Plaintiffs' counsel enter their appearances. Ms. Agajanian enters her appearance for the State of New Mexico. After counsel enter their appearances, the Court describes the order the cases will be presented.

Mr. Jason Bowles, on behalf of his clients in *National Association for Gun Rights et al v. Grisham et al*. 1:23-cv-00771-DHU-LF begins oral argument. The Court asks Mr. Bowels to identify specifically what portion of the Public Health Order (PHO) his clients are challenging. Mr. Bowles responds that Sections (1) and (4) of the PHO are under challenge.

After Mr. Bowles concludes argument, Mr. Napolitano in *Donk et al v. Grisham et al*., No. 1:23-cv-00771-DHU-LF proceeds on behalf his clients.  In response to the Court's question, Mr. Napolitano also states that his clients are specifically challenging Sections (1) and (4).

Plaintiffs' counsel in 1:23-cv-00773, *We The Patriots USA, INC. et al v. Grisham et al.* begins oral argument. In response to the Court's question, counsel identifies their challenges as follows: Section (1) of the PHO and Section (4) of the PHO, but only as Section (4) only as it pertains to "public parks." Plaintiffs state they do not challenge the restrictions on gun possession on "schools" and "state property" of Section 4 of the PHO. Plaintiffs also asking for enjoinment of Section (4) of the Governor's Executive Order.

The Court returns to Mr. Bowles and Mr. Napolitano about whether they join in *We The Patriots USA*'s statement that they do not challenge the ban on "state property" and "public schools" of Section (4) of the PHO. Mr. Napolitano challenges the ban to all of Section (4).

Mr. Marc Lowry, on behalf of his clients in 1:23-cv-00774-DHU-LF, *Blas v. Grisham et al.*, begins oral argument. Mr. Lowry states that his clients specifically challenges Sections 1 and 4 of the PHO.

Next, in 1:23-cv-00778-DHU-LF, *Fort et al. v. Lujan Grisham et al.* Mr. Aragon explains that his clients Section 1 of the PHO. As for Section 4 of the PHO, Mr. Aragon states his clients have no challenge to the ban on firearm carrying in "public schools" as described in the PHO.

2:27 P.M.: BREAK

2:45: The Court is back in session.

The Court orally **GRANTS** the TRO at 2:55 P.M. The Court enjoins Section 1 of the PHO and parts of Section 4. The Court states that it will enter a written Order. The court also states that it will not require Plaintiffs to post a bond.

The Court proposes September 27, 2023 preliminary injunction motion hearing. Ms. Agajanian states she has a preexisting scheduling conflict on September 27-29, 2023. The parties stipulate to extending the TRO beyond the statutory 14-day limit.

After conferring with the parties about availability for the preliminary injunction motion hearing the Court sets an **October 3, 2023 Preliminary Injunction Motion Hearing at 10:00 A.M.**

2:54: RECESS.